**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 10-2023

PAUL DAVIS AND SARAH K. DAVIS,

Plaintiffs, Appellants,

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Boudin, Circuit Judge,
Souter, Associate Justice,[*]
and Selya, Circuit Judge.

John A. Hobson, with whom Perkins Thompson, P.A. was on
brief, for appellants.
Lance E. Walker, with whom Norman, Hanson & Detroy, LLC was
on brief, for appellee.

October 3, 2011

---

[*]    The Hon. David H. Souter, Associate Justice (Ret.) of the
Supreme Court of the United States, sitting by designation.

**SOUTER, Associate Justice**.  This is a meritless appeal from the district court's summary judgment for the defendant Travelers Property Casualty Company of America on an underinsured motorist coverage claim brought by Paul Davis and his spouse. Davis was the manager of both the Maine and New Hampshire offices of Océ USA Holding, Inc., a subsidiary of a multinational corporation.  He lived in Maine, where he kept a company car that was insured under a multistate policy issued by Travelers, by the terms of which he was an insured.  While driving in New Hampshire on his way to the company office there, a driver conceded to be underinsured under the policy definition smashed into him and caused severe injury.

The terms and extent of legally required or conventional coverage against damage by uninsured and underinsured drivers vary from state to state, and business policies addressing multistate activity deal with the variety by separate endorsements, subject to selection and application in a given case according to the terms of the policy.  Here, if the Maine endorsement applies, coverage is limited to $100,000 (much less than Davis's claims), whereas the New Hampshire endorsement would extend the dollar limit to $5,000,000.  The district court held that the Maine terms apply, and in this de novo review, we agree.

On the thirtieth page of the 562 page policy, this term appears:

**ITEM TWO
COVERAGE AND LIMITS OF INSURANCE
UNINSURED MOTORISTS COVERAGE AND UNDERINSURED
MOTORISTS COVERAGE**

> The LIMIT OF INSURANCE for the coverages shown below is the LIMIT OF INSURANCE shown for the State where a covered "auto" is principally garaged. Refer to the specific coverage endorsement for description of the coverage provided for each State listed below.

It is undisputed that the insured car was garaged in Maine and undisputed that the limit of coverage under the Maine endorsement is $100,000. Since the limit of coverage is the point of contention, that should be the end of the matter, but the Davises say that the policy is infected with an ambiguity that entitles them to the higher New Hampshire limit, under the familiar standard (about which there is no choice of law issue) that policy language means what a reasonable insured person would take it to mean, and that language reasonably susceptible to more than one reading should be read in favor of the insured. See Peerless Ins. Co. v. Wood, 685 A.2d 1173, 1174 (Me. 1996).

The Davises' claim of ambiguity rests on their repeated assertion that the New Hampshire endorsement provides the terms of uninsured and underinsured motorist coverage, so that a reasonable reader of the policy would find it perplexing and unlikely that the dollar limit of such coverage should be set by the Maine endorsement merely because the car was customarily kept in a Maine

garage.  The assumption that the New Hampshire endorsement applies is, however, without any foundation.

At the outset, we will agree that the provision quoted above ties the dollar limit of coverage somewhat more precisely to the endorsement of the garage state than it ties the substantive terms of coverage.  "The LIMIT OF INSURANCE for the coverages shown below is the LIMIT OF INSURANCE shown for the state where a covered 'auto' is principally garaged."  As to dollar limits, this could hardly be clearer.  Then the provision goes on to tell the reader to "[r]efer to the specific coverage endorsement for description of the coverage provided for each State listed below."  True, it does not expressly provide that the substantive coverage of the garage state is the applicable coverage, but in sequence from the preceding sentence it is hard to see how it could mean anything else.  A reasonable reader would look to the Maine endorsement for both substantive scope and dollar limit.

But even if that reader looked to the New Hampshire endorsement he would find no language calling for its application here.  The Davises make much of the fact that the New Hampshire endorsement, unlike the majority of them, does not itself repeat the "principally garaged" limitation.  But that does not reasonably imply that a car not garaged in New Hampshire is covered by the New Hampshire terms, and of course it is a far cry from contradicting

the unequivocal provision that the limit of coverage is that of the garage state.

The Davises' only other attempts to show the New Hampshire endorsement applicable boil down to asserting that Mr. Davis could naturally expect New Hampshire law to apply because his accident occurred there, and because he received benefits under the New Hampshire workers' compensation law. But it is enough to say that these two considerations have nothing to do with any term of the policy in question and engender no ambiguity in its key to coverage by reference to principal garage state.

There is no reasonable basis for the Davises' claim, and the judgment will be affirmed.

**<u>Affirmed</u>**.